UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**COREY HOLDER**                                    **CIVIL ACTION NO. 12-2275**

**VERSUS**                                          **JUDGE ELIZABETH E. FOOTE**

**WARDEN, U.S. PENITENTIARY**                       **MAG. JUDGE MARK HORNSBY**
**POLLOCK, ET AL**

## ORDER

Before the Court are several motions filed by Petitioner Corey Holder: (1) a motion for reconsideration of the Judgment in this matter, Record Document 75, (2) a motion for clarification, Record Document 76, (3) an application to proceed *in forma pauperis* on appeal, Record Document 79, (4) a motion to amend his motion for clarification, Record Document 81, (5) a motion to disregard pages 14-20 of his motion for reconsideration, Record Document 83, and (6) a motion to amend the title of his notice of appeal, Record Document 85.

Petitioner seeks reconsideration of the Court's Judgment denying habeas relief. Altering or amending a judgment pursuant to Rule 59(e) is a disfavored, "extraordinary remedy that should be used sparingly." Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004); S. Constructors Group, Inc. v. Dynalectric Co., 2 F.3d 606, 611 (5th Cir. 1993). Indeed, Rule 59(e) permits amendment to the judgment only "to correct manifest errors of law or fact or to [address] newly discovered evidence." Templet, 367 F.3d at 479 (citing Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989)). Further, a Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or

arguments that could have been offered or raised before the entry of judgment." Id. at 479 (citing Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990)). The Petitioner argues that the Court should reconsider its Judgment denying habeas relief because the search warrant that authorized a buccal swab of the Petitioner stemmed from a wholly unrelated crime. Petitioner misunderstands his fourth amendment rights. "Use of the fruits of a search supported by a valid warrant is not confined to the offense giving probable cause. Evidence seized pursuant to a warrant issued for one offense may be used at a trial for another crime." United States v. Haydel, 649 F.2d 1152, 1159 (5th Cir.), *opinion corrected on other grounds*, 664 F.2d 84 (5th Cir. Unit A Dec. 1981). The Court therefore **DENIES** the Petitioner's motion for reconsideration [Record Document 75].

The Petitioner's motion for clarification and his motion to amend his motion for clarification in effect ask the Court to rule that the time within which the Petitioner had to file a motion for reconsideration should toll based on confusion created by the clerk mislabeling a letter filed by the petitioner as a motion for reconsideration. The Court **DENIES** both motions [Record Documents 76 and 81] as moot because the Court has denied the Petitioner's motion for reconsideration on the merits. For the same reason, the Court **DENIES** the Petitioner's motion asking the Court to disregard pages 14-20 of his motion for reconsideration [Record Document 83].

Because the Court has found that there is no merit to Petitioner's habeas petition, it also finds that Petitioner is not appealing the Court's Judgment in good faith and consequently **DENIES** the Petitioner's application to proceed *in forma pauperis* on appeal [Record Document 79]. Finally, the Court **DENIES** the Petitioner's application to amend

the title of his notice of appeal [Record Document 85] because the title as it currently stands will not, as the Petitioner fears, prevent a court from addressing all issues raised in the filing.

    **THUS DONE AND SIGNED** in Shreveport, Louisiana, this 20th day of April, 2016.

                                      Elizabeth E. Foote
                                      United States District Judge